IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **JACOB WAYNE BRAUNING,** ) | |
| ) | |
| **Plaintiff,** ) | |
| v. ) | Case No. CIV-23-552-PRW |
| ) | |
| **MICHAEL BROOKS et. al.,** ) | |
| ) | |
| **Defendants.** ) | |

## REPORT AND RECOMMENDATION

Jacob Wayne Brauning (Plaintiff), a pretrial detainee in the custody of the Seminole County Sheriff at the Seminole County Jail in Wewoka, Oklahoma, brings this action under 42 U.S.C. § 1983 alleging violations of his federal constitutional rights.[1] *See* Doc. 1.[2] He appears pro se.[3]

Plaintiff names as Defendants—Pottawatomie County Sheriff Michael Brooks, Pottawatomie County Sheriff's Deputy Jared Strand, Seminole County

---

[1] Plaintiff also asserts jurisdiction under federal racketeering ("RICO") statutes, "whistle blower protection," and his pending case in the United States District Court for the Eastern District of Oklahoma, *Brauning v. Christian*, CIV- 21-199-RAW (E.D. Okla. Sept. 16, 2021). Doc. 1, at 7.

[2] Citations to a court document are to its electronic case filing designation and pagination. Except for capitalizations, quotations are verbatim unless indicated.

[3] The Court construes Plaintiff's pro se filings liberally. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

Sheriff Shannon Smith, Pontotoc County Sheriff John Christian, Maud Chief of Police Patricia Bateman, and Maud Police Officer Palmer. *Id.* at 5-6.

United States District Judge Patrick R. Wyrick has referred this matter to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B), (C). *See* Doc. 4. After screening Plaintiff's complaint, the undersigned recommends the transfer of this action to the United States District Court for the Eastern District of Oklahoma.

## I.     Plaintiff's claims.

Plaintiff asserts in his first claim that all Defendants have violated his First and Fourteenth Amendment rights to "seek redress of grievance sought in Brauning v. Christian et al filed in the U.S. District Court Eastern Dis. Of Okla. July 2021." Doc. 1, at 2. He alleges they have engaged in "[a] pattern of misconduct to obstru[c]t a gov. process, hinder a wi[t]ness and retaliate against the exercise of a Constit. right contrary to federal law from 2021 to present." *Id.* at 3. He seeks a "3-judge court," an injunction for "protection from misconduct," and a "[j]ury trial to determine award." *Id.*

In his second claim, Plaintiff asserts all Defendants have violated his Fourth Amendment rights, and his "right of privacy, seclusion, due process and protection of law." *Id.* He alleges that, since filing his lawsuit, there have been

"three occurrence[s] without cause [of] warrantless arrests, searches and trespass on to private property/land after dark to waton [sic] deny due process and protection of law." *Id.* at 4. He seeks a "3-judge court," "[c]ontentions and claims for damages or other relief sought," and a "[j]ury trial to also determine award." *Id.*

## II.  Screening.

Federal law requires the Court to screen complaints filed by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). The Court must dismiss any frivolous or malicious claim, any claim asking for monetary relief from a defendant who is immune from such relief, or any claim on which the Court cannot grant relief. *Id.* § 1915A(b).

One aspect of screening is reviewing whether venue is proper "when the defense is obvious from the face of the complaint and no further factual record is required to be developed." *Trujillo v. Williams*, 465 F.3d 1210, 1217 (10th Cir. 2006) (quoting *Fratus v. DeLand*, 49 F.3d 673, 674 (10th Cir. 1995)). "[T]he court acting on its own motion, may raise the issue of whether a change of venue would be in the interest of justice." *Love's Travel Stops & Country Stores, Inc. v. Oakview Constr., Inc.*, No. CIV-10-235-D, 2010 WL 4811450, at *6 (W.D.

3

Okla. Nov. 19, 2010); *see also Trujillo*, 465 F.3d at 1222 ("A court may *sua sponte* cure jurisdictional and venue defects by transferring a suit under the federal transfer statutes, 28 U.S.C. §§ 1406(a) and 1631, when it is in the interests of justice.").

### III. Analysis.

"[T]he term 'venue' refers to the geographic specification of the proper court or courts for the litigation of a civil action . . . ." 28 U.S.C. § 1390(a). The proper venue for Plaintiff's action is in the "judicial district in which any defendant resides" or the "judicial district in which a substantial part of the events or omissions giving rise to the claim occurred." *Id.* § 1391(b)(1), (2); *see also Anaeme v. Florida*, 169 F. App'x 524, 527-28 (10th Cir. 2006) (applying the general venue statute, 28 U.S.C. § 1391(b), to the plaintiff's claims of constitutional violations made under 42 U.S.C. § 1983).

### A. Venue lies in both the Western and Eastern Districts of Oklahoma.

"Oklahoma is divided into three judicial districts . . . known as the Northern, Eastern, and Western Districts of Oklahoma." 28 U.S.C. § 116. Plaintiff names multiple Oklahoma Defendants residing in Seminole County (Smith), Pontotoc County (Christian), and Pottawatomie County (Brooks, Strand, Bateman, Palmer). Doc. 1, at 5-6. Both Seminole and Pontotoc

4

Counties lie within the territorial boundaries of the Eastern District of Oklahoma. 28 U.S.C. § 116(b). Pottawatomie County lies within the territorial boundaries of this Court. *Id.* § 116(c). So, venue lies in this Court and in the Eastern District of Oklahoma. *See* 28 U.S.C. § 1391(b)(1).

### B. Venue is proper in the Eastern District of Oklahoma and a transfer to that District is in the interest of justice.

Plaintiff is incarcerated in the Seminole County Jail. He claims that after he filed a civil rights lawsuit in the Eastern District of Oklahoma, Defendants engaged in "a coordinated conspiracy . . . attack on Plaintiff to hinder, harass and impair pro-se litigant, obstruction of justice and among other acts to punish plaintiff." Doc. 1, at 10-11. He alleges two unidentified Pottawatomie County deputies arrested him in October of 2021 on warrants out of Seminole and Pontotoc Counties. He asserts Defendants have since bounced him between the Seminole County Jail and the Pontotoc County Jail, causing him to lose several of his "civil proceeding documents," in a concerted effort to prevent him from pursuing his case. Doc. 1, at 11-12 & Att. 2.

"For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district . . . where it might have been brought . . . ." 28 U.S.C. § 1404(a); *see Anderson v. Wilkinson*, No. CIV-15-1224-W, 2016 WL 324979, at *2 n.4 (W.D. Okla. Jan. 27, 2016)

("[T]itle 28, section 1404(a) of the United States Code permits the Court to transfer an action if the parties and witnesses would not be inconvenienced and if a transfer would better serve the interest of justice."). Given that two Defendants reside in the Eastern District where Plaintiff is presently incarcerated, and Plaintiff complains mostly about acts or omissions occurring in that District related to his pending lawsuit, "the Court finds a transfer not only would enhance the convenience of the parties and the witnesses, but also advance the interest of justice." *Anderson*, 2016 WL 324979, at *2 n.4; *see also Bruton v. Allbaugh*, No. CIV-17-136-D, 2017 WL 1744136, at *3 (W.D. Okla. Apr. 5, 2017) (recommending transfer of an action to the district that had "significantly greater ties to the events underlying Plaintiff's claims and the persons allegedly responsible for, or having knowledge about, those events"), *adopted*, 2017 WL 1745613 (W.D. Okla. May 3, 2017).

### IV.     Recommendation and notice of right to object.

The undersigned recommends the Court transfer this action under 28 U.S.C. § 1404(a) to the United States District Court for the Eastern District of Oklahoma.

The undersigned advises Plaintiff of his right to file an objection to this Report and Recommendation with the Clerk of Court **on or before August 2,**

**2023**, under 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b)(2). The undersigned further advises Plaintiff that failure to file a timely objection to this Report and Recommendation waives his right to appellate review of both factual and legal issues contained herein. *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).

This Report and Recommendation disposes of all issues and terminates the referral to the undersigned Magistrate Judge in the captioned matter.

**ENTERED** this 12th day of July, 2023.

_____
SUZANNE MITCHELL
UNITED STATES MAGISTRATE JUDGE