IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| JACOB WAYE BRAUNING, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. CIV-23-00552-PRW |
| | ) | |
| MICHAEL BROOKS, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

Before the Court is United States Magistrate Judge Suzanne Mitchell's Report and Recommendation (Dkt. 5) and Plaintiff Brauning's Objections (Dkt. 6). For the reasons given below, the Court **ADOPTS** Magistrate Judge Green's Report and Recommendation in full and **TRANSFERS** this case to the Eastern District of Oklahoma.[1]

Plaintiff Jacob Wayne Brauning, a *pro se* pretrial detainee, filed this § 1983 action against Pottawatomie County Sheriff Michael Brooks, Pottawatomie County Sheriff's Deputy Jared Strand, Seminole County Sheriff Shannon Smith, Pontotoc County Sheriff John Christian, Maud Chief of Police Patricia Bateman, and Maud Police Officer Palmer. In Brauning's first claim, he asserts that all Defendants have violated his First and Fourteenth Amendment rights by engaging in a "pattern of misconduct to obstru[c]t a gov. process, hinder a wi[t]ness and retaliate against the exercise of a Constit. right contrary to

---

[1] Because the case is transferred to the Eastern District of Oklahoma, this Court will not rule on the pending motions for leave to proceed in forma pauperis and to appoint counsel (Dkt. 2, 7).

federal law from 2021 to present."[2] In his second claim, Brauning asserts that all Defendants have violated his Fourth Amendment rights, and his "right of privacy, seclusion, due process and protection of law."[3] After reviewing the matter, Magistrate Judge Mitchell recommended that the Court *sua sponte* transfer this action to the United States District Court for the Eastern District of Oklahoma. Brauning timely filed objections to the Report and Recommendation.

The Court must "determine de novo any part of the magistrate judge's disposition that has been properly objected to."[4] An objection is "proper" if it is both timely and specific.[5] A specific objection "enables the district judge to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute."[6] In the absence of a proper objection, the district court may review a magistrate judge's recommendation under any standard it deems appropriate.[7] The Court thus reviews the unobjected-to portions of the Report and Recommendation to confirm that there is no clear error on the face of the record.[8] And because Brauning is proceeding *pro se*, the Court construes his objections and filings liberally without serving as his advocate.[9] Brauning raises one proper

---

[2] Pl.'s Compl. (Dkt. 1), at 2.

[3] *Id.* at 3.

[4] Fed. R. Civ. P. 72(b)(3).

[5] *United States v. 2121 E. 30th St.*, 73 F.3d 1057, 1059 (10th Cir. 1996).

[6] *Id.*

[7] *Summers v. State of Utah*, 927 F.2d 1165, 1167–68 (10th Cir. 1991).

[8] *Id.*

[9] *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

objection to the Report and Recommendation, arguing that transfer is not warranted because "the acts alleged in the Complaint mostly happened in the Western District [of Oklahoma] . . . ."[10]

The Court "acting on its own motion, may raise the issue of whether a change of venue would be in the interest of justice."[11] Venue is proper "in a judicial district in which any defendant resides."[12] Here, Plaintiff names some Defendants who reside within the Eastern District of Oklahoma, and others who reside within the Western District of Oklahoma. Venue is thus proper in both districts, so the Court may consider whether transfer to the Eastern District of Oklahoma would better serve the interest of justice.[13] Though Plaintiff's initial arrest and detention occurred in the Western District of Oklahoma, the remaining events alleged in his Complaint took place in the Eastern District of Oklahoma. Furthermore, Brauning claims Defendants obstructed his underlying civil rights lawsuit which he filed in the Eastern District of Oklahoma.[14] So, the Eastern District of Oklahoma has significantly greater ties to the events underlying Plaintiff's claims. Accordingly, transfer to the Eastern District of Oklahoma is in the interest of justice.

---

[10] Pl.'s Objs. (Dkt. 6) at 1.

[11] *Love's Travel Stops & Country Stores, Inc. v. Oakview Const., Inc.*, No. CIV-10-235-D, 2010 WL 4811450, at *6 (W.D. Okla. Nov. 19, 2010).

[12] 28 U.S.C. § 1391(b)(1).

[13] 28 U.S.C. § 1404(a) ("For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought . . . .").

[14] *Brauning v. Christian*, CIV- 21-199-RAW (E.D. Okla. Oct. 4, 2022).

For the foregoing reasons, the Court agrees with Magistrate Judge Mitchell's analysis and conclusions. The Court thus **ADOPTS** the Report and Recommendation (Dkt. 5) in full and **TRANSFERS** the case to the Eastern District of Oklahoma.

**IT IS SO ORDERED** this 13th day of October 2023.

PATRICK R. WYRICK
UNITED STATES DISTRICT JUDGE